## M. T. Shepherd v. Elizabeth Fish et al.

1. FRAUDULENT CONVEYANCE—*Inadequate Consideration—Rule in Chancery—When it Will Stand as a Mortgage.*—When a grantee purchases without actual notice of the intent of the grantor to defraud his creditors, but for a consideration that is so inadequate that it would be inequitable to allow the deed to stand as a conveyance, a court of equity may set it aside, so far as it purports to be an absolute conveyance, but permit it to stand as a security only for the money advanced.

**Bill to Set Aside a Fraudulent Conveyance.**—Trial in the Circuit Court of Moultrie County; the Hon. EDWARD P. VAIL, Judge, presiding. Hearing and bill dismissed for want of equity. Appeal by complainant. Heard in this court at the May term, 1898. Reversed and remanded, with directions. Opinion filed October 5, 1898.

HARBAUGH & WHITAKER, attorneys for appellant.

WALTER EDEN, attorney for appellees.

Opinion PER CURIAM.

The bill filed in this case attacks a conveyance made by Elizabeth J. Fish to W. G. Cochran on the 19th day of July, 1894, of forty-five acres of the west end of the south half of the northeast quarter of section eight, township fourteen north, range five east of the 3d P. M., Moultrie county, Illinois, as not being made in good faith, and to defraud creditors. Upon the hearing in the court below, the court dismissed appellant's bill for want of equity, and

he brings the case to this court by appeal. By their briefs, counsel for the respective parties eliminate from this contest everything but the validity of the sale of the above mentioned premises by Elizabeth J. Fish to W. G. Cochran. The appellee George L. Fish, who is the husband of Elizabeth J. Fish, in making this sale acted as her agent. The title of the premises was in Elizabeth J. Fish, incumbered by a mortgage executed by Elizabeth J. Fish and George L. Fish to secure the payment of $450, which she owed the appellant, M. T. Shepherd. It is alleged in the bill filed by appellant that prior to the time of making this alleged sale to appellee W. G. Cochran, Elizabeth J. Fish was indebted to appellant in a sum aggregating about $500, as was evidenced by four promissory notes; that appellant recovered judgment on these notes in the Circuit Court of Moultrie County on the 21st day of July, 1894, against Elizabeth J. Fish; that executions were issued on said judgments to the sheriff of Moultrie county, in which county the appellee Elizabeth J. Fish resided, and the premises alleged to have been sold by her to W. G. Cochran were situate, and at the time of the filing of the bill these executions were in the hands of the sheriff and unsatisfied, and amounted to the sum of $413, and that she was insolvent. An answer was filed by Geo. L. Fish, which was adopted by his wife, Elizabeth J. Fish, to appellant's bill of complaint. A separate answer was filed thereto by W. G. Cochran. These answers were filed under oath, the oath not having been waived by the bill.

It is charged in the bill that this conveyance was not real, but was a mere sham, and made with the intention of defrauding appellant, as a creditor of Elizabeth J. Fish, out of his just demands; that no valid consideration was paid therefor; that the premises were held by W. G. Cochran in trust for Elizabeth J. Fish. The appellees were asked to fully state in their respective answers the circumstances attending the conveyance, the amount of money actually paid thereon by Cochran, in what manner the payments were made or were to be made, and the purpose for which they were made.

W. G. Cochran, in his answer says, the consideration for this conveyance was, he was to assume the payment of the mortgage indebtedness on the premises of $500 from Elizabeth J. Fish to appellant, the liquidation of $100 of indebtedness of Geo. L. Fish to W. G. Cochran, and about $300 indebtedness of R. R. Matheson to W. G. Cochran, and the payment of $200 by him to Elizabeth J. Fish. It does not appear from the record that there was any memorandum in writing by which Cochran assumed or obligated himself to pay this mortgage indebtedness, or the same was satisfied, or that Elizabeth J. Fish was released from the payment thereof. Nor does it appear from the evidence or the record how Elizabeth J. Fish became liable for the indebtedness of George L. Fish to Cochran, or that any consideration passed to her, to liquidate this indebtedness. It appears from the evidence that this indebtedness was for attorneys' fees to be rendered by Cochran. This would not be a valid or a legal consideration to support this conveyance.

It is claimed that as a part of the consideration of the conveyance of these premises, was the liquidation of about $300 of indebtedness of R. R. Matheson to Cochran. The record fails to disclose how she was in any way liable for this indebtedness, or that she consented that the consideration to be paid for these premises should be appropriated to pay R. R. Matheson's indebtedness. Even if she had consented to it, without a valid consideration, as to appellant, a then existing creditor, it would be void, for it would be a gift. It appears from the evidence that all Elizabeth J. Fish received of the consideration of this alleged conveyance of these premises, was W. G. Cochran's note for $200. Eliminating the liquidation of the indebtedness of R. R. Matheson and Geo. L. Fish to Cochran, and assuming that W. G. Cochran will discharge the mortgaged indebtedness on the premises, it leaves as the consideration paid for these premises $700.

The proof shows that this is not one-half the reasonable market value of the premises. It appears from the evi-

dence, that soon after this transfer was made, W. G. Cochran priced these premises to appellant at $1,800. From the weight of the evidence, we think it appears that the fair market value of the premises, at the time of the transfer, was $1,500, and that the consideration of $700 paid by the grantee was inadequate. That the appellees Elizabeth J. and Geo. L. Fish were guilty of hindering and delaying appellant, a creditor of theirs, in the collection of his claim against them, is not denied by the solicitors for appellees. In fact, there is no brief filed on their behalf.

It is a recognized rule in chancery in cases of this kind, when a grantee purchases without actual notice of the intent of the grantor to defraud his creditors, but for a consideration that is so inadequate that it would be inequitable to allow the deed to stand as a conveyance, a court of equity may set it aside so far as it purports to be an absolute conveyance, but permit it to stand as a security only for the money advanced. 10 Amer. & Eng. Enc. of Law, 332; Bump on Fraudulent Conveyances (2d Ed.), 587; Boyd v. Dunlap, 1 Johns. Ch. 478.

We hold this case falls within the foregoing rule, and the conveyance should be set aside so far as it purports to be an absolute conveyance to appellee W. G. Cochran, except as to the $200 actually paid by him, and as to this sum it may stand as security.

The decree of the court below will be reversed and the cause remanded, with direction to enter a decree in conformity with this opinion.

Reversed and remanded with directions.